UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO.: 0:23-cv-60355-AHS

**In the Matter of the Complaint for Exoneration
From or Limitation of Liability by EASTWINDS CO,
LLC as Owner of Motor Yacht JOAN'S ARK,
Official Number: 1150796, IMO: QEO12122C303**

**Petitioner.**
_____/

### PETITIONER'S ANSWER AND AFFIRMATIVE DEFENSES TO RESPONDENT, JENNIFER PALESOTTI AND ANTHONY PALESOTTI AS CO-PERSONAL REPRESENTATIVES FOR THE ESTATE OF SAVANNA PALESOTTI'S CLAIM PERTAINING TO PETITIONER'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, EASTWINDS CO, LLC., hereinafter, ("Petitioner"), by and through its undersigned counsel, pursuant to Supplemental Rule F(5) of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.1(c) and hereby files its Answer to Respondent, JENNIFER PALESOTTI AND ANTHONY PALESOTTI AS CO-PERSONAL REPRESENTATIVES FOR THE ESTATE OF SAVANNA PALESOTTI, DECEASED hereinafter, ("Respondent"), Claim pertaining to Petitioner's Complaint for Exoneration from or Limitation of Liability [DE 16].

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the allegations of Paragraph 1.

2. Admitted that on October 6 and 7, 2022 Savanna Palesotti was employed aboard the vessel JOAN'S ARK as a crew member. The remainder of the allegations are denied and strict proof thereof is demanded.

CASE NO.: 0:23-CV-60355-AHS

3. Admitted that the Limitation Petitioner was the owner of the Vessel and its equipment in October 2022 and that the Vessel was flagged U.S.. The remainder of the allegations are denied and strict proof thereof is demanded.

4. Admitted that Petitioner owned and operated the Vessel in October 2022 all other allegations are denied. The remainder of the allegations Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 5.

6. Paragraph 6 of the Complaint states legal conclusions and Respondents' characterization of its own claims to which no response is required. To the extent a response is required, the Petitioner denies the allegations of Paragraph 6.

7. The Petitioner lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. In an abundance of caution the Petitioner denies the allegations in Paragraph 7 and demands strict proof thereof.

8. The Petitioner lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. In an abundance of caution the Petitioner denies the allegations in Paragraph 8 and demands strict proof thereof.

9. Admitted.

10. Denied.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 12.

13. Admitted that Savanna Palesotti was a member of the Vessel's crew. The remainder of Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 14.

15. Admitted.

## Underlying Facts

16. Admitted that in early October 2022, Petitioner hired Decedent to work on the Vessel from Virginia Beach, Virginia to attend a boat show in Fort Lauderdale, Florida. The remainder of Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 16.

17. Admitted.

18. Admitted.

19. Admitted that during the voyage, Savanna Palesotti was not feeling well. The remainder of the allegations are denied and strict proof thereof is demanded.

20. Denied.

21. Admitted that at 12:29 PM, the Captain contacted a doctor on JOAN'S ARK'S satellite phone and relayed questions from the doctor to Ms. Palesotti to assess her condition.

22. Admitted that at 2:47 PM, the Captain contacted U.S. Coast Guard to insist on an emergency medical evacuation for Ms. Palesotti.

23. Denied.

24. The Petitioner lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. The Petitioner lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied

30. Denied

### COUNT -I- JONES ACT
### (WRONGFUL DEATH AND SURVIVAL ACTIONS)

31. Petitioner re-alleges, incorporates by reference and adopts paragraphs 1 through 30 above as though originally alleged herein.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 32.

33. Denied, including all subparts a. through l.

CASE NO.: 0:23-CV-60355-AHS

34. Denied

35. The allegations made in Paragraph 35 contains legal conclusions to which an answer is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 35.

36. Denied

37. Denied

Petitioner denies that the Respondent is entitled to any of the relief sought in the Wherefore Clause in Count I.

## COUNT II- GENERAL MARITIME LAW
## (UNSEAWORTHINESS)

38. Petitioner re-alleges, incorporates by reference and adopts paragraphs 1 through 30 above as though originally alleged herein.

39. Petitioner admits that Savannah Palesotti was a member of the crew of the Vessel in navigable waters. The remainder of Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 39.

40. Admitted that Petitioner Eastwinds Co, LLC owned and operated the Vessel in October 2022. The remainder of the allegations are denied and strict proof thereof is demanded.

41. The allegations made in Paragraph 41 contains legal conclusions to which an answer is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 41.

CASE NO.: 0:23-CV-60355-AHS

42. Denied, including subparts a through l.

43. Denied

44. Denied

45. Denied

Petitioner denies that the Respondent is entitled to any of the relief sought in the Wherefore Clause in Count II.

## **COUNT III – MAINTENANCE AND CURE- FAILUER TO PROVIDE PROMPT, PROPER, AND ADEQUATE MEDICAL CARE**

46. Petitioner re-alleges, incorporates by reference and adopts paragraphs 1 through 30 above as though originally alleged herein.

47. The allegations made in Paragraph 47 contains legal conclusions to which an answer is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 47.

48. Petitioner admits that Savannah Palesotti was a member of the crew of the Vessel in navigable waters. The remainder of Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, the Petitioner denies the remaining allegations of Paragraph 48.

CASE NO.: 0:23-CV-60355-AHS

49. Admitted that Petitioner Eastwinds Co, LLC owned and operated the Vessel in October 2022. The remainder of the allegations are denied and strict proof thereof is demanded.

50. The allegations made in Paragraph 50 contains legal conclusions to which an answer is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 50.

51. Denied, including subparts a through l.

52. Denied

53. Denied

54. Denied

55. Denied

56. Denied

57. Denied

Petitioner denies that the Respondent is entitled to any of the relief sought in the Wherefore Clause in Count III. **Petitioner further denies that the Respondent is entitled to punitive damages, attorney's fees or costs.**

**COUNT IV – MAINTENANCE AND CURE
(FAILURE TO PROVIDE CURE**

58. Petitioner re-alleges, incorporates by reference and adopts paragraphs 1 through 30 above as though originally alleged herein.

59. The allegations made in Paragraph 59 contains legal conclusions to which an answer

CASE NO.: 0:23-CV-60355-AHS

is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 59.

60. Denied

61. Denied

62. Denied

63. Denied

64. Denied

65. Denied

66. Denied

Petitioner denies that the Respondent is entitled to any of the relief sought in the Wherefore Clause in Count IV. **Petitioner further denies that the Respondent is entitled to punitive damages, attorney's fees or costs.**

### COUNT V – DEATH ON THE HIGH SEAS ACT (WRONGFUL DEATH)

67. Petitioner re-alleges, incorporates by reference and adopts paragraphs 1 through 30 above as though originally alleged herein.

68. The allegations made in Paragraph 68 contains legal conclusions to which an answer is not required. To the extent a response is required, Petitioner denies the allegations of Paragraph 68.

69. Denied.

70. Denied, including subparts a through l.

CASE NO.: 0:23-CV-60355-AHS

71. Denied

72. Denied

Petitioner denies that the Respondent is entitled to any of the relief sought in the Wherefore Clause in Count V, including subparts 1 through 4.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Respondent's claim for damages fails to state a claim upon which relief may be granted. *See Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1033 (11th Cir. 1996) (explaining that the damage claimants bear the initial burden of establishing liability).

### SECOND AFFIRMATIVE DEFENSE

The decedent Savanna Palesotti hid her alcohol and/or drug addition and did not disclose it to her employer prior to being employed and during her employment and prior to the voyage in question. Additionally, she did not disclose to her employer or the captain that she was ill before the voyage began. Had she done so, she would not have been allowed to sail.

### THIRD AFFIRMATIVE DEFENSE

The decedent Savanna Palesotti violated the Vessel's no-alcohol policy and in direct violation was drinking / consuming alcoholic beverages while on duty on the Vessel. *See McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968); *Jandins v. Foss Maritime Co.*, 1993 AMC 2233 (W.D. Wash. 1993).

### FOURTH AFFIRMATIVE DEFENSE

CASE NO.: 0:23-CV-60355-AHS

The damages claimed by the Respondent were caused in whole or in part by the negligent actions of Savanna Palesotti.

### FIFTH AFFIRMATIVE DEFENSE

The causes of the loss alleged by the Respondent occurred without the privity and knowledge of the Petitioner.

### SIXTH AFFIRMATIVE DEFENSE

The damages claimed by the Respondent were caused in whole or in part by a force outside the control of any party involved in the Subject Incident.

### SEVENTH AFFIRMATIVE DEFENSE

The decedent, Ms. Palesotti assumed the risk of the Subject Incident when she failed to disclose that she was ill the days leading up to the voyage and the day before the voyage and / or the day of the voyage before leaving the dock.

### EIGHTH AFFIRMATIVE DEFENSE

The Respondent is barred from recovering any damages because the Decedent's negligence is in excess of 50%. *See* Fla. Stat. §768.81(6).

### NINTH AFFIRMATIVE DEFENSE

The Respondent cannot recover for unseaworthiness created solely by Savannah Palesotti's own negligence or breach of employment duty. *See, e.g., Keel v. Greenville Mid-Stream Service, Inc.*, 321 F.2d 903 (5th Cir. 1963).

### TENTH AFFIRMATIVE DEFENSE

Savannah Palesotti breached the primary duty doctrine in not causing or correcting the condition she created, including but not limited to: coming on board the Vessel when she was not in a condition to do so, coming on board the Vessel with drugs and alcohol in violation of the Vessel's no-alcohol and no-drug policy, breaching her employment contract in coming aboard with drugs and alcohol and consuming while aboard, advising the Captain that she did not want to leave the Vessel and discouraging the Captain from asking for medical assistance, solely causing her claimed injuries.

### ELEVENTH AFFIRMATIVE DEFENSE

Savannah Palesotti is not entitled to maintenance and cure as she was grossly negligent in putting herself in danger by: coming on board the Vessel when she was not in a condition to do so, coming on board the Vessel with drugs and alcohol in violation of the Vessel's no-alcohol and no-drug policy, breaching her employment contract in coming aboard with drugs and alcohol and consuming while aboard, advising the Captain that she did not want to leave the Vessel and discouraging the Captain from asking for medical assistance. *See Kathleen K. Fisheries, Inc. v. Blake*, 2005 AMC 663 (W.D. Wash. 2003).

### TWELFTH AFFIRMATIVE DEFENSE

Savannah Palesotti voluntarily worked under a dangerous condition only known to her, disallowing any right to Jones Act damages, when she refused medical care and treatment, asked the Captain to not remove her from the Vessel and refused to disclose her alcoholism and drug use, in violation of her employment contract. *See DuBose v. Matson Nav. Co.*, 403 F.2d 875 (9th Cir. 1968).

CASE NO.: 0:23-CV-60355-AHS

### THIRTEENTH AFFIRMATIVE DEFENSE

Damages are limited by the Death on the High Seas Act, 46 USC § 30301 et. seq. "DOHSA."

### FOURTEENTH AFFIRMATIVE DEFENSE

Damages are limited for a Jones Act Claimant pursuant to the general maritime laws of the U.S.

### GENERAL RESERVATION

Petitioner reserves the right to assert further affirmative defenses as discovery develops.

WHEREFORE, Petitioner respectfully requests this Honorable Court to deny Respondent's claims and damages including demands for punitive damages and requests this Court to find in Petitioner's favor and enter Limitation and Exoneration in this matter.

Respectfully submitted,

Very respectfully submitted,

Law Offices of Michelle Otero Valdes

By:   s/ Michelle Otero Valdes
Michelle Otero Valdes, B.C.S.
Florida Bar No. 14990
Christian Merida, Esq.
Florida Bar No. 1035190
Manuel F. Valdes
Florida Bar No. 13307
2030 S. Douglas Road, Suite 117
Coral Gables, Florida 33134
Tel: (305) 377-3700
Fax: (786) 580-4671
Email: Christian@miamimaritimelaw.co
Email: MOV@miamimaritimelaw.co
Email: MValdes@miamimaritimelaw.co
Attorneys for Petitioner,

CASE NO.: 0:23-CV-60355-AHS

*EASTWINDS CO, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this way on all counsel of record of pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Michelle Otero Valdes
Michelle Otero Valdes, B.C.S

## SERVICE LIST

Robert B. Parrish, Esq.
David C. Reeves, Esq.
Moseley, Prichard, Parrish, Knight & Jones
501 West Bay Street
Jacksonville, Florida 32202
Ph: (904) 356-1306
Fx: (904) 354-0194
Email: rbp@mppkj.com
Email: dcreeves@mppkj.com
Email: tsullivan@mppkj.com
Secondary Email: jpinkham@mppkj.com
*Attorneys for the Co-Personal Representatives*